IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **AMERICAN COLLEGE OF PEDIATRICIANS**, on behalf of itself and its members; **CATHOLIC MEDICAL ASSOCIATION**, on behalf of itself and its members; and **JEANIE DASSOW, M.D.**, *Plaintiffs,* v. **XAVIER BECERRA**, in his official capacity as Secretary of the United States Department of Health and Human Services; **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**; **LISA J. PINO**, in her official capacity as Director of the Office for Civil Rights of the U.S. Department of Health and Human Services; and **OFFICE FOR CIVIL RIGHTS OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**, *Defendants.* | No. 1:21-cv-00195-TAV-SKL |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DENY AS PREMATURE OR STAY PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### INTRODUCTION

The government asks the Court to deny or stay Plaintiffs' Motion for Partial Summary Judgment (Plaintiffs' Motion). But the government identifies no fact issues on which the legal arguments in either motion turn, nor does it provide an affidavit or declaration identifying such factual issues as Federal Rules of Civil Procedure 56(d) requires. "The need to comply with Rule 56(d) cannot be overemphasized." *Scadden v. Werner*, 677 F. App'x 996, 999 (6th Cir. 2017) (cleaned up). Without the required affidavit or declaration, no grounds for needing additional factual development have been presented, and the motion should be denied.

Plaintiffs' motion for partial summary judgment should be considered now because it raises only issues of law. It does not depend on facts in administrative records or possible discovery. The government, moreover, plans to litigate the same basic legal issues in its forthcoming motion to dismiss. The most economical approach would be to brief and resolve those motions together.

The government concedes that a motion for summary judgment can be filed at any time, but insists that: Plaintiffs face no injury; Plaintiffs' Motion will prejudice development of the record; and the Motion will impose costs on the Court. The government is wrong on all counts.

*First*, the injury Plaintiffs face is a merits question raised in Plaintiffs' Motion. The Court should not prejudge that issue in delaying Plaintiffs' Motion. On this question, however, two other federal district courts have not only ruled that similar injury exists but enjoined the government on behalf of other plaintiffs facing the same injury. *Franciscan Alliance, Inc. v. Becerra*, 2021 WL 3492338 (N.D. Tex. Aug. 9, 2021); *Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113 (D.N.D. 2021). Plaintiffs may seek similar relief.

*Second*, the "development of record evidence" is unnecessary to resolve the claims at issue in Plaintiffs' Motion. Plaintiffs' Motion involves purely legal issues raised by the language of statutes and regulations, and undisputed facts concerning Plaintiffs' religious and medical beliefs. Moreover, even if review of administrative records were necessary, the government has already had years and multiple other lawsuits in which to assemble the administrative record for the rules Plaintiffs challenged. Thus, the burden from compiling such records would be minimal or nonexistent. Tellingly, the government does not deny that it has already compiled those materials.

*Third*, because this case involves purely legal issues, hearing Plaintiffs' motion now will not "clog[] the Court's docket with extensive and unnecessary merits litigation." Instead, it will save the parties and this Court time by streamlining resolution of the issues in a single proceeding.

**ARGUMENT**

A nonmovant may seek deferral or denial of a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The government's motion fails that basic requirement as it presents no such affidavit or declaration. Instead, without citing any direct authority, the government asks this Court to read into Rule 56 a requirement that a plaintiff show an "exceptional need to proceed immediately to summary judgment." Defs.' Mem. in Supp. of Mot. to Stay 4, ECF No. 32. No such requirement exists. When, as here, Plaintiffs' Motion presents purely legal issues based on the content of the relevant statutes and regulations and undisputed facts about Plaintiffs, no further predicate is required. *See* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Moreover, even if a showing of "exceptional need" were required, Plaintiffs have made such a showing here: Plaintiffs face an ongoing threat of career-ending penalties as long as the mandates are not enjoined as to them. Pls.' Br. in Supp. of Mot. for Partial Summ. J. 8–10, ECF No. 27-1. This exact injury is why two other district courts issued similar injunctions for other doctors.

**I.      The government failed to submit any affidavit or declaration as required by Rule 56(d) to obtain deferral or denial of a summary judgment motion.**

The government failed to satisfy the requirement set forth in Rule 56(d) that it submit an affidavit or declaration specifying what additional facts it needs in order to oppose partial summary judgment. Instead, the government attached over 100 pages of legal briefs from other cases. For this reason alone the Court should deny the government's motion. "The need to comply with Rule 56(d) 'cannot be overemphasized.'" *Scadden*, 677 F. App'x at 999 (quoting *Cacevic v. City of*

*Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). Without the required affidavit or declaration, "this court will not normally address whether there was adequate time for discovery." *Scadden,* 677 F. App'x at 999–1000 (quoting *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)).

In lieu of a Rule 56(d) affidavit, the government argues that it should be "afforded the opportunity to consider conducting discovery" into Plaintiffs' standing. ECF No. 32 at 6. This does not satisfy Rule 56(d). It is neither an affidavit nor declaration, nor does it say the government actually *needs* or *will seek* discovery (only that such discovery may be needed), nor does it specify what facts it actually needs. "A party may not simply assert in its brief that discovery was necessary" instead of presenting an affidavit. *Cacevic*, 226 F.3d at 488 (cleaned up). *This* motion was the government's "opportunity to consider" the need for additional facts and present the Court with evidence of that need. The government agreed to the schedule for litigating this motion. With no evidentiary basis to grant the government's motion, it should be denied.

## II. Plaintiffs' claims are purely legal and ripe for review.

The government concedes, as it must, that Rule 56 permits a motion for summary judgment to be filed at any time, including at the start of the action. *See* ECF No. 32 at 5 (citing Fed. R. Civ. P. 56 advisory committee's note (2010 amendments)). Yet the government insists that Plaintiffs' filing was premature because Plaintiffs purportedly have not "show[n] any exceptional need to proceed immediately to summary judgment" or any "need for immediate relief." ECF No. 32 at 4, 8–9.

There is no requirement that a party show an immediate or extraordinary need for relief to file a summary judgment motion. As the Supreme Court has explained, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

4

determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). When, as here, Plaintiffs' motion presents purely legal issues raised by the contents of the relevant statutes and regulations, and undisputed facts about the Plaintiffs that the administrative record will not address, proceeding immediately to summary judgment ensures "just, speedy and inexpensive" resolution of the issues in this case. *Id.*

### III. Compilation or review of the administrative record is unnecessary to resolve Plaintiffs' Motion.

Because Plaintiffs' motion presents purely legal issues that the Court can resolve as a matter of law, proceeding to summary judgment will not "prejudice Defendants' development of record evidence for their defenses." ECF No. 32 at 1. Indeed, the questions of whether the gender-identity mandate language in the 2016 1557 rule and the 2016 grants rule violate Plaintiffs' rights are purely legal questions that do not require any fact discovery or the compilation of an administrative record to resolve. ECF No. 27-1 at 35–37. And those same legal questions will be raised in the government's motion to dismiss in any event. Similarly, whether HHS unlawfully deprived Plaintiffs of their right to participate in regulatory review procedures through the "Delay Rule" is also a purely legal question.

These questions depend on the text of HHS's rules and notices, and statutory interpretation concerning whether HHS complied with the Administrative Procedure Act. The issues do not require an elaboration or explanation from facts within a deeper record, and the government identifies no such facts. Plaintiffs' constitutional and RFRA claims are also not limited to the administrative record. *See N. Arapaho Tribe v. Ashe*, 925 F. Supp. 2d 1206, 1211 (D. Wyo. 2012); *O Centro Espirita Beneficiente Uniao do Vegetal v. Duke*, 286 F. Supp. 3d 1239, 1260–62 (D.N.M. 2017).

Even if the government did need to review the administrative record to respond to Plaintiffs' Motion, the government surely has prepared the administrative record for the key rules challenged here. The 2016 § 1557 rule has been in litigation for over five years, and the government should have already prepared the administrative record for that rule. In its motion, the government never denies that it has already compiled that record, and therefore the government has failed to show submission of that record would present a burden.

The 2016 grants rule is also five years old and has been subject to legal challenges—indeed, a court enjoined the government's enforcement of that rule, too, for one plaintiff. *Buck v. Gordon*, 429 F. Supp. 3d 447, 461 (W.D. Mich. 2019) (granting motion to "enjoin Defendant Azar from 'taking any enforcement action under 45 CFR 75.300(c)'"). There were only 24 public comments submitted on that rule, and they are already available online.[1] Either a record was prepared in *Buck*, or the court did not need to wait for the record to issue an injunction, or its compilation would not be burdensome. Similarly, the "Delay Rule" that Plaintiffs challenge is almost a year old, it is only four pages long in the Federal Register, and the agency solicited no public comments on it, so preparing an administrative record for it should not be burdensome.

Plaintiffs would be amenable to a short extension to allow the government to submit these administrative records if needed. But the Court does not need the records to resolve Plaintiffs' legal arguments.

---

[1] See *Proposed Rule: Grants Regulation*, REGULATIONS.GOV, https://www.regulations.gov/document/HHS-OS-2016-0012-0001/comment (last visited January 21, 2022).

**IV. Plaintiffs are entitled to immediate relief.**

Plaintiffs need not prove an "immediate" or "extraordinary" need for relief to proceed to summary judgment. But even if such a showing were needed (which it is not), Plaintiffs have made such a showing.

The need for immediate relief from the 2016 § 1557 rule is readily apparent. Two courts in 2021 issued injunctions against precisely the injury Plaintiffs assert here. That harm is not "speculative." ECF No. 32 at 8. "[T]he current regulatory scheme for Section 1557 'clearly prohibits' Plaintiffs' conduct, thus, putting them to the 'impossible choice' of either 'defying federal law' and risking 'serious financial and civil penalties,' or else violating their religious beliefs." *Franciscan Alliance*, 2021 WL 3492338 at *9. "Under the prevailing interpretations of Section 1557 . . . refusal to perform or cover gender-transition procedures would result in the Catholic Plaintiffs losing millions of dollars in federal healthcare funding and incurring civil and criminal liability." *Religious Sisters*, 513 F. Supp. 3d at 1147.

The government attempts to deny Plaintiffs' injury by incorrectly describing Plaintiffs' challenge concerning Section 1557 of the ACA. The government suggests Plaintiffs' challenge merely concerns the government's May 10, 2021 enforcement notice ("2021 Notification") (ECF No. 32 at 2). But Plaintiffs are challenging the gender-identity mandate language of the 2016 § 1557 rule, and its enforcement. ECF No. 27-1 at 4. That is a final rule subject to challenge under the APA. 5 U.S.C. § 701(b)(2), 706. Three courts have said its language is still in effect (while no courts have said otherwise). *See Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020) ("the definitions of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' currently set forth in 45 C.F.R. § 92.4 will remain in effect"); *Religious Sisters*, 513 F. Supp. 3d at 1138 (*Walker* "reinstate[d] the prior definition of 'on the basis of sex' to include 'gender identity' and 'sex

stereotyping.'"); *Franciscan Alliance*, 2021 WL 3492338 at *12 (finding injury from and enjoining HHS's enforcement of the gender identity language of the 2016 § 1557 rule).

The government claims that *Franciscan Alliance* vacated the gender identity language from the 2016 § 1557 rule and therefore that language presents no injury. But the government claimed otherwise to the *Franciscan Alliance* court itself, saying it had never carried out the vacatur because of *Walker*: "HHS has only made assurance that it would 'voluntarily' vacate the offending portions of the 2016 Rule . . . . [T]he promise is hollow and contradicted by the plain terms of the 2021 Interpretation." *Id.* at *8. Consequently, the *Franciscan Alliance* court itself has resolved any potential confusion about the effect of its vacatur: HHS *did not vacate* the gender identity language from the 2016 § 1557 rule. That language is in effect and is injuring Plaintiffs.

Plaintiffs can likewise show a need for immediate relief from the 2016 grants rule. The government suggests Plaintiffs cannot seek that relief because HHS announced through a letter published in the Federal Register that it would temporarily not enforce that rule. ECF No. 32 at 3. But neither that letter nor anything in the government's brief disavows future enforcement. It is a mere temporary, discretionary decision not to enforce the rule for the moment, and HHS can revoke it at any time. Because the government refuses to "explicitly disavow[] enforcing [its law] *in the future*" (emphasis added), this Court should take the regulation on face value that it disqualifies Plaintiffs from health programs receiving HHS grants. *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 696 (6th Cir. 2015). HHS's recent actions further demonstrate the threat of enforcement Plaintiffs face and the absence of any disavowal of enforcement. In November 2021,

HHS unilaterally revoked all previously granted religious exemptions to the 2016 grants rule.[2] Thus, Plaintiffs face a credible threat of enforcement. *See* ECF No. 27-1 at 18–19.

The revocation of those religious exemptions distinguishes this case from *Texas Department of Family & Protective Services v. Azar*, 476 F. Supp. 3d 570 (S.D. Tex. 2020). There, the existence of the religious exemption that HHS had issued in 2020, *but that HHS revoked in 2021*, rendered enforcement unlikely. *Id.* at 576. And past religious exemptions did not apply in Tennessee regardless, but now the government has prophylactically revoked all of its religious exemptions to the 2016 grants rule, demonstrating its credible threat of enforcement of that fully effective rule.

Both the 2016 grants rule and the Delay Rule have already caused legal injury. Plaintiffs have "suffer[ed] legal wrong" by those rules, 5 U.S.C. § 702, because the government's actions are both illegal and they change Plaintiffs' legal duties, disqualifying them from HHS health programs, and denying their participation in review of HHS regulations, respectively. The government claims that the Delay Rule caused no injury because the underlying SUNSET Rule "has never taken effect and is currently being rescinded." ECF No. 32 at 2. But this is precisely the dispute: the SUNSET Rule *did* take effect in March 22, 2021, ECF No. 27-1, 7-8, and Plaintiffs are challenging HHS's unlawful attempt to delay it after the fact.

Finally, all these arguments about standing are legal issues for the Court to address on their merits, not in this motion. They are and will be raised in both Plaintiffs' Motion and the

---

[2] See Press Release, U.S. Department of Health and Human Services, *HHS Takes Action to Prevent Discrimination and Strengthen Civil Rights* (Nov. 18, 2021), https://www.hhs.gov/about/news/2021/11/18/hhs-takes-action-to-prevent-discrimination-and-strengthen-civil-rights.html ("HHS will not condone the blanket use of religious exemptions against any person or blank checks to allow discrimination.")

forthcoming motion to dismiss. The fact that the government presents the issue here further shows there is no obstacle to proceeding with Plaintiffs' Motion alongside a motion to dismiss.

## V.     Proceeding to summary judgment alongside the forthcoming motion to dismiss will preserve judicial economy.

Allowing Plaintiffs' Motion to proceed alongside the government's motion to dismiss will not "unnecessarily burden Defendants [or] this Court." ECF No. 32 at 4. If the government has "strong jurisdictional defenses they are entitled to raise," (*Id.* at 3) there is no reason why the government cannot raise them in a joint motion to dismiss and response to Plaintiffs' Motion. Plaintiffs' motion already addresses these issues at length, ECF 27-1 at 12–22, and can be more efficiently litigated with the motion to dismiss. The government essentially concedes it will raise the same legal issues Plaintiffs' Motion raises by attaching, as its Exhibit 1, a brief seeking dismissal not only on jurisdictional grounds but also under 12(b)(6), arguing over the meaning of Section 1557, Title IX, and *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). ECF No. 32-1 at 23–29. The Court can resolve the same kinds of issues in Plaintiffs' Motion. Plaintiffs respectfully suggest that the most orderly and economical approach to litigating this case is for the government file a consolidated motion to dismiss and response in opposition to Plaintiffs' partial motion for summary judgment, Plaintiffs then file a consolidated response and reply, and the government file a reply. Then the Court can hear and resolve both motions together.

## CONCLUSION

For these reasons, Plaintiffs ask this Court to deny Defendants' Motion [ECF No. 28] to Deny as Premature or Stay Plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted, this 21st day of January 2022.

|  |  |
|---|---|
| ANTHONY J. BILLER*<br>NC Bar No. 24,117<br>ENVISAGE LAW<br>2601 Oberlin Rd., NW, Ste. 100<br>Raleigh, NC 27608<br>Telephone: (919) 414–0313<br>Facsimile: (919) 782–0452<br>ajbiller@envisage.law<br><br>*Pro hac vice motion submitted | *s/ Matthew S. Bowman*<br>MATTHEW S. BOWMAN<br>DC Bar No. 993261<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>Telephone: (202) 393-8690<br>Facsimile: (202) 347-3622<br>mbowman@ADFlegal.org<br><br>RYAN L. BANGERT**<br>TX Bar No. 24045446<br>JONATHAN A. SCRUGGS<br>TN Bar No. 25679<br>ALLIANCE DEFENDING FREEDOM<br>15100 N 90th Street<br>Scottsdale, AZ 85260<br>Telephone: (480) 444-0020<br>Facsimile: (480) 444-0028<br>rbangert@ADFlegal.org<br>jscruggs@ADFlegal.org<br><br>*Counsel for Plaintiffs*<br><br>**Admitted pro hac vice* |