IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AMERICAN COLLEGE OF PEDIATRICIANS, *et al.*, | Case No. 1:21-cv-195 |
| *Plaintiffs*, | Chief Judge Travis R. McDonough |
| v. | Magistrate Judge Susan K. Lee |
| XAVIER BECERRA, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs respectfully submit this notice of supplemental authority in support of their response in opposition to Defendants' motion to dismiss. Because the decision discussed below was issued after Plaintiffs' response brief was due and before Defendants' reply brief is due, and in light of the filing of this notice, Plaintiffs would consent to extending the page limit of Defendants' reply brief by two pages.

On Friday, August 26, 2022, the United States Court of Appeals for the Fifth Circuit upheld the permanent injunction that the district court issued against HHS in *Franciscan Alliance, Inc. v. Becerra*, No. 21-11174, --- F.4th ----, 2022 WL 3700044 (5th Cir. Aug. 26, 2022). Plaintiffs discussed that district court ruling in our response brief. The injunction concerns the gender identity mandate under § 1557 of the ACA. The *Franciscan Alliance* plaintiffs include the Christian Medical and Dental Associations, an association of physicians similar to plaintiffs CMA and ACPeds here.

The Fifth Circuit sustained the plaintiffs' injunction against Defendants under RFRA, holding that the 2020 "district court injunctions, the 2020 Rule, and the 2021 Interpretation combined to threaten [plaintiffs] in the same way that the challenged portions of the 2016 Rule did. . . . We have repeatedly held that plaintiffs have

1

standing in the face of similar prosecutorial indecision." 2022 WL 3700044 at *5. Plaintiffs here assert a parallel RFRA claim. Notably, CMA brings the RFRA claim on behalf of its members, and although some ACPeds members are not religious, others are, so ACPeds joins the RFRA claim on behalf of its religious members. First Am. Compl. ECF No. 15 ¶ 425. Under the Fifth Circuit's ruling, there is a live injury under the § 1557 gender identity mandate, and therefore doctors have standing to sue.

The Fifth Circuit dismissed the *Franciscan Alliance* plaintiffs' APA claim because it "sought nothing more" than vacatur of 2016 Rule, specifically its definition encompassing gender identity discrimination (and termination of pregnancy). 2022 WL 3700044 at *4. Here, Plaintiffs' APA claim is broader, also challenging HHS's 2020 Rule to the extent Defendants interpret or apply it to prohibit gender identity discrimination by virtue of *Bostock*, and it challenges HHS's May 2021 notice of enforcement. First Am. Compl. ECF No. 15 ¶¶ 347, 383, 391, 420, 424, 446, and 462. The *Franciscan Alliance* plaintiffs' APA claim did not encompass post-2016 agency actions, although their RFRA claim did. As to the 2016 Rule, Plaintiffs here also challenge that rule's "sex stereotyping" prohibition, which the Fifth Circuit held imposes a distinct gender identity mandate. *Id.* ¶ 51–52; *see* 2022 WL 3700044 at *2.

Respectfully submitted this 27th day of August, 2022.

By: /s/ *Matthew S. Bowman*
MATTHEW S. BOWMAN
DC Bar No. 490159
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
mbowman@ADFlegal.org

*Counsel for Plaintiffs American College of Pediatricians, et al.*